UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VILES DELICES,
FDOC Inmate #X46037,
    Plaintiff,

vs.                                  Case No.:  3:22cv9551/MCR/ZCB

PRESTON TUCKER,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Viles Delices is an inmate of the Florida Department of Corrections. He is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. After reviewing Plaintiff's complaint (Doc. 1), the Court recommends this case be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

The prisoner civil rights complaint form requires a prisoner to list his prior litigation history. The form must be signed under penalty of perjury. The Eleventh Circuit has made clear that a prisoner's case may be dismissed without prejudice for misrepresenting litigation history on the complaint form. *See, e.g.*, *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) (affirming dismissal of prisoner's

1

complaint where prisoner failed to identify two prior federal lawsuits).[1] Dismissal is appropriate, even if the prisoner claims that a misunderstanding or lack of memory caused his failure to disclose litigation history. *See Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed misunderstanding of the form); *Burrell*, 857 F. App'x at 625 (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed lack of full memory of undisclosed case); *Shelton*, 406 F. App'x at 340–41 (affirming dismissal for failure to disclose litigation history and concluding that prisoner's failure was not excused by his claimed lack

---

[1] A raft of Eleventh Circuit cases say the same thing. *Rickerson v. Sec'y, Fla. Dep't of Corr.*, No. 21-12110-F, 2021 WL 6098415, at *1 (11th Cir. Nov. 2, 2021) (concluding dismissal of prisoner's complaint as malicious was warranted where plaintiff disclosed six state actions and two federal actions but failed to disclose additional state actions that related to his incarceration or conditions of confinement); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (concluding dismissal of prisoner's complaint as malicious for abuse of judicial process was warranted where prisoner failed to disclose a case he filed against prison officials just five months earlier and failed to disclose another case he filed six years earlier); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same); *Shelton v. Rohrs*, 406 F. App'x 340, 340-41 (11th Cir. 2010) (same); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (same).

of memory and lack of access to his legal materials; even without access to legal materials, prisoner would have known he had filed multiple previous lawsuits).[2]

Here, Section VIII of the complaint form required Plaintiff to disclose information regarding prior civil cases he had filed in state and federal court. (Doc. 1 at 10-12). Question C of Section VIII asked Plaintiff if he had filed any other lawsuits in federal court relating to the conditions of his confinement. (*Id.* at 11). Plaintiff checked the box for "YES" and disclosed one case from this Court, 3:19cv459/MCR/EMT. (*Id.* at 11-12). Plaintiff did not disclose any other cases in Section VIII, even though the form clearly states that "[f]ailure to disclose all prior cases may result in the dismissal of this case." (*Id.* at 10-12). At the end of the complaint form, Plaintiff signed his name after the following certification: "I declare under penalty of perjury that the foregoing . . . is true and correct." (*Id.* at 12).

---

[2] S*ee also, e.g.*, *Wromas v. Cromartie*, No. 5:22cv33/TKW/MJF, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (noting that inmate's argument that he simply "forgot" to list a prior lawsuit "does not change the fact that [he] certified under penalty of perjury that his answers to the litigation history questions on the civil rights complaint form were true and correct"); *Merritt v. Dep't of Corr.*, No. 5:19cv144/TKW/MJF, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) (rejecting inmate's argument that he should be allowed to amend his complaint to disclose his litigation history where his failure to do so was allegedly based on an "honest mistake" because that "would amount to no penalty…and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form").

3

Plaintiff, therefore, certified that he had only filed one prior lawsuit in federal court relating to the conditions of his confinement.

The Court has screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether it is subject to dismissal for any of the grounds listed in that provision, including maliciousness. Upon researching Plaintiff's litigation history, the Court has discovered that Plaintiff failed to accurately disclose his litigation history on the complaint form. According to the Court's Case Management/Electronic Case Filing system (CM/ECF), Plaintiff filed *Delices v. J. Marlin*, No. 3:22cv5051/MCR/ZCB, prior to the date he filed the current lawsuit. (3:22cv5051/MCR/ZCB (N.D. Fla. Apr. 12, 2022), Doc. 1).[3] That case related to the conditions of Plaintiff's confinement in the FDOC because he claimed that an FDOC correctional officer used excessive force and retaliated against him while he was housed at Santa Rosa Correctional Institution. (3:22cv5051/MCR/ZCB (N.D. Fla. Apr.. 12, 2022), Doc. 1; *id.* (N.D. Fla. July 5, 2022), Doc. 10). The undisclosed case clearly qualified for disclosure in answer to Question C. Plaintiff thus was required to identify it on the complaint form in the current case.

---

[3] Plaintiff's FDOC inmate number, X46037, is the same in both cases.

Plaintiff did not disclose Case No. 3:22cv5051/MCR/ZCB, despite the fact that he was required to do so in his answer to Question C. Although Plaintiff is proceeding *pro se*, he is still required to follow the rules and to be candid with the Court.

As previously mentioned, the complaint form expressly warned Plaintiff that "**[*F*]*ailure to disclose all prior cases may result in the dismissal of this case.*" (Doc. 1 at 12). Consistent with that warning and the Eleventh Circuit precedent previously cited, it is recommended that Plaintiff's complaint be dismissed without prejudice.[4] If misrepresentations on the complaint form are not met with consequences, then there would be no incentive for Plaintiff (or any other prisoner) to truthfully complete the form. Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would be an inadequate sanction. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940-41 (11th Cir. 2010) (holding that district court did not abuse its discretion by not providing a prisoner with an opportunity to amend his complaint to disclose lawsuits that should have been disclosed initially).

---

[4] A dismissal without prejudice in this case will not equate to a dismissal with prejudice due to the statute of limitations. Plaintiff has more than adequate time to file another civil rights action within the four-year statute of limitations that applies to § 1983 actions in Florida because the alleged conduct occurred in July 2020. (Doc. 1 at 4-9).

5

Accordingly, it is respectfully **RECOMMENDED** that:

1.   This case be **DISMISSED without prejudice** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2.   The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 9th day of March 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**